UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CAUSE NO. 5:22-cr-00366-OLG |
| HOMERO ZAMORANO, JR. | § § § | |

**OBJECTIONS TO REPORT AND RECOMMENDATION ON DEFENDANT ZAMORANO'S MOTIONS TO DISMISS OR SUPPRESS**

TO THE HONORABLE ORLANDO L. GARCIA, UNITED STATES DISTRICT JUDGE:

Defendant Homero Zamorano filed two separate motions to dismiss. First, he moved the Court to dismiss or suppress because federal agents' callous failure to prevent the charged tragedy from occurring shocks the conscience, thereby violating due process under *Rochin v. California,* 342 U.S. 165 (1952). *See* Docs. 285, 302. Second, he moved to dismiss his charging statute's penalty elements because they are void for vagueness. *See* Doc. 286, 304. The Magistrate Judge issued a Report and Recommendation concluding that the Court should deny both motions in their entirety. *See generally* Report and Recommendation (R&R) (Doc. 319). As set out herein, Zamorano objects to the Magistrate Judge's Report and Recommendation. Instead, the Court should grant both of Zamorano's motions. These objections are based on the same arguments Zamorano advanced in his briefing and at the status conference, so he incorporates that briefing and argument by reference. *See* Docs. 285, 286, 302, 304 (relevant pleadings).

## BACKGROUND

The government charges Zamorano with the base offense of transporting aliens under 8 U.S.C. § 1324(a)(1)(A)(ii) and (v). The government also charges Zamorano with two statutory penalties, the first of which—increasing the statutory maximum to 20 years—is for transporting aliens "during and in relation to which the person causes serious bodily injury . . . or places in jeopardy the life of, any person," under § 1324(b)(iii). The second charged penalty— increasing the statutory maximum to life or death —is for transporting aliens "resulting in the death of any person," under § 1324(b)(iii). In one motion, Zamorano argued that these penalty provisions are facially void for vagueness and should therefore be dismissed.

Zamorano's other motion involves the investigation into these charges, which are based on a tragedy in which 53 migrants died while being transported inside a semitrailer that, according to the indictment, lacked adequate air conditioning. In his motion, Zamorano showed that in the year-and-a-half preceding the tragedy, federal agents stopped numerous other trucks pulling semitrailers filled with migrants—operated by what the government now alleges was the same smuggling ring charged here. From these incidents, agents learned the ring operated trailers in dangerous conditions. And agents learned about those who held supervisor roles in the ring, including obtaining identity and contact information for Christian Martinez (who recruited drivers) by stopping and interrogating a driver months prior to the tragedy. Also, many trucks and trailers seized in prior smuggling incidents were registered to the same three addresses, one of which was the same address to which the semitruck driven by Zamorano was registered. Yet the agents allowed the ring to continue. Zamorano argued the agents' failure to prevent this tragedy shocked the conscience, violating due process. Accordingly, Zamorano moved to dismiss the charges or suppress the evidence against him—or at least to strike the aggravating penalty elements.

# ARGUMENT AND OBJECTIONS

The Magistrate Judge issued a Report and Recommendation concluding that the Court should deny Zamorano's motions in their entirety. *See generally* Report and Recommendation (R&R) (Doc. 319). Zamorano objects. When assessing the parts of the Report and Recommendation that a defendant objects to, this Court applies *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980). Applying this standard, the Court should grant both motions.

## I. OUTRAGEOUS GOVERNMENT CONDUCT

The Magistrate Judge first concluded that the Court should deny Zamorano's motion to dismiss for outrageous government conduct. *See* R&R at 2-7. Zamorano objects to that conclusion.

**1) The R&R focuses on outrageous conduct by entrapment. But Zamorano claims outrageous conduct that shocks the conscience under *Rochin*.**

The Magistrate Judge first concluded that Zamorano's motion fails because he does not show that the government was over-involved in the offense and that he (as the alleged driver) was less than an active participant in the charged crime. *See* R&R at 3-4; *see also, e.g., United States v. Arteaga*, 807 F.2d 424, 427 (5th Cir. 1986) (setting out this standard). Zamorano objects.

The R&R invokes the wrong standard. The standard the R&R invokes has been referred to by the Fifth Circuit as "entrapment on the basis of outrageous government involvement." *See United States v. Graves*, 556 F.2d 1319, 1322 (5th Cir. 1977). This claim (which does comprise most outrageous government conduct defenses) is like entrapment, except that an otherwise predisposed defendant tries to argue that officers' inducement was so extreme as to violate due process. *See, e.g., id.* at 1322–23. But Zamorano does not claim "entrapment on the basis of

outrageous government involvement," *Graves*, 556 F.2d at 1322, so the standards that apply to entrapment by outrageous conduct should not bar his ability to show a due process violation.

Instead, Zamorano's due process claim is based on *Rochin v. California,* 342 U.S. 165 (1952), where the Supreme Court concluded that due process requires the government to act so as not to "offend … canons of decency and fairness which express the notions of justice of English-speaking peoples even toward those charged with the most heinous offense." *Id.* at 169 (quoting *Malinksi v. New York,* 324 U.S. 401, 416-417 (1945)). In the case, the Supreme Court found that officers violated these canons when they illegally entered the defendant's home, struggled to open his mouth to remove what was there, and then forcibly extracted the contents of his stomach to obtain the evidence. *Rochin* found this conduct was "bound to offend even hardened sensibilities." *Id.* at 172. To sanction this "brutal conduct," *id.* at 174, the Court suppressed the evidence and reversed the conviction, holding the officers engaged in "conduct that shocks the conscience." *Id.* at 172. Zamorano invokes this standard.

**2) Zamorano objects to the conclusion that the Court should deny his motion for conduct that shocks the conscience in violation of due process.**

The R&R recommends that the Court should deny Zamorano's motion based on *Rochin*'s conscience-shocking due process standard. *See* R&R at 4-7. Again, Zamorano objects. For one reason, the R&R finds that Zamorano's claim fails in part because it does not pass muster under the special-relationship exception to the general rule that due process does not protect against private action. *See* R&R at 5; *DeShaney v. WCDSS*, 489 U.S. 189, 200 (1989). But Zamorano does not rely on that exception.

Instead, Zamorano invokes the state-created danger doctrine because the doctrine does not require that the government have a "special relationship" with the plaintiff. *See, e.g., McClendon*

*v. City of Columbia*, 305 F.3d 314, 324–26 (5th Cir. 2002). Rather, under the state-created danger doctrine, a plaintiff can show that state actors have violated due process by outrageously failing to prevent harm that is not directly caused by the state. *See, e.g., Wood v. Ostrander*, 879 F.2d 583, 589–90 (9th Cir. 1989). Like other circuits, the Fifth Circuit has explained that the state-created danger theory of recovery would be satisfied by government conduct that, using the words of *Rochin*, "shocks the conscience," which in turn can be shown by treating the victim with "deliberate indifference." *McClendon*, 305 F.3d at 326 (quoting in part *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (citing *Rochin*, 342 U.S. at 172-73)).

The R&R essentially concludes that the Court should reject this claim because the Fifth Circuit has not had occasion to allow such a claim. *See* R&R at 4-7. But that does not justify rejecting the claim. First, the Fifth Circuit has not rejected the state-created danger doctrine. Rather, whether to adopt the doctrine is an open question in the Circuit. *See Fisher v. Moore*, 73 F.4th 367, 368-69 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 569 (2024). So Zamorano's request is not foreclosed by precedent. Instead, he is asking the Court to answer an open question in this Circuit: Is the state-created danger doctrine viable, and does it apply here based on the unique circumstances of this case? For the reasons Zamorano has argued, the doctrine should apply here.

Zamorano invokes the conscience-shocking deliberate-indifference line of case law precisely because it allows recovery based on shocking government inaction that results in harm. *See, e.g.*, *Reed v. Gardner*, 986 F.2d 1122, 1127 (7th Cir. 1993) (plaintiffs stated viable claim for due process violation where defendant-officers "removed [an apparently sober] driver, . . . and left behind a passenger, whom they knew to be drunk, with the car keys," who then drove off and collided with plaintiffs). Here, government agents played a part in the creation of the danger. Federal agents had more than enough evidence to shut this smuggling ring down and prevent this

tragedy. Border Patrol agents stopped at least 11 migrant loads now linked to this organization in the year-and-a-half before the tragedy. Many of those loads involved trucks and trailers registered to the same address as the truck driven on the tragic occasion charged here. Those loads involved migrants smuggled in trailers hauled by semi-trucks. On occasions, the refrigeration units had failed. So the government was on notice of the life-threatening danger presented by this conspiracy. Then, two-months before the tragedy, a driver identified the man who hired drivers for the ring. Yet the government only prosecuted the low-level driver, never moving up the chain of command to shut the ring down—and prevent the ring from hauling migrants in conditions the government knew to be dangerous. The government's careless inaction was deliberately indifferent, shocking the conscience and violating due process. *See McClendon*, 305 F.3d at 326 n.8 ("To act with deliberate indifference, a state actor must know of and disregard an excessive risk to the victim's health or safety." (cleaned up)).

Finally, the R&R suggests Zamorano's claim—that the government's inaction shocks the conscience under *Rochin*—must fail, because it would fail as a standalone claim apart from Zamorano's state created danger claim. *See* R&R at 6. Indeed, the Fifth Circuit has suggested that such claims might be lodged separately. *See* Doc. 302 at 6 n.1; *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 867–69 (5th Cir. 2012) (en banc). But Zamorano's main claim is that the government's inaction shocks the conscience in large part *because* it was deliberately indifferent under the state created danger doctrine. *See* Doc. 285 at 2-7; Doc. 302 at 3-7. He is not, in the main, mounting a shock-the-conscience claim apart from a state-created-danger claim. *See* Doc. 302 at 6 n.1. And, as stated, the Fifth Circuit has explained that (if it were adopted) the state-created danger theory would be satisfied by government conduct that, using the words of *Rochin*, "shocks the conscience," which in turn can be shown by treating the victim with

"deliberate indifference." *McClendon*, 305 F.3d at 326 (quoting in part *Lewis*, 523 U.S. at 846 (citing *Rochin*, 342 U.S. at 172-73)). That is exactly what happened here.

**3) To rule on the motion, the Court should hold an evidentiary hearing.**

Zamorano also requested an evidentiary hearing on his motion to dismiss for outrageous government conduct. The Magistrate Judge declined to hold an evidentiary hearing "[i]n light of the clearly established precedent in this Circuit foreclosing the relief Defendant requests in his motion." R&R at 6-7. But, as noted above, Circuit precedent does not squarely foreclose Zamorano's requested relief. Rather, Zamorano raises a novel claim. An evidentiary hearing would aid the Court in deciding that claim, which Zamorano has supported with exhibits drawn directly from the government's own discovery, as well as with factual claims based on those exhibits. Zamorano objects to the Magistrate Judge's decision not to hold an evidentiary hearing. *See United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983) (to merit a hearing, "[f]actual allegations set forth in the defendant's motion . . . must be sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented") (cleaned up).

## II. VOID FOR VAGUENESS

The Magistrate Judge next concluded that the Court should deny Zamorano's vagueness-based motion to dismiss. *See* R&R at 7-10. Zamorano objects to this conclusion too.

**1) To prevail in a facial vagueness challenge, Zamorano need not show that the law is vague as applied to his particular conduct.**

Zamorano argued that the charging statute's penalty provision are facially void for vagueness. *See* Doc. 286 at 3-10. But the Magistrate Judge concluded that, in order to mount a facial vagueness claim, the challenged statute must be vague as applied to the defendant's conduct, under Fifth Circuit precedent. *See* R&R at 8-10. And because Zamorano did not show the penalty

elements were vague as applied to his conduct, the Magistrate Judge concluded that his facial challenge must fail. *See id.* Zamorano objects to these conclusions.

Zamorano may raise and win a facial vagueness challenge regardless of whether the statute clearly prohibited his own conduct. This is shown by *Johnson v. United States*, which held a penalty provision in a criminal sentencing statute was facially void for vagueness, without requiring that the defendant show it was void for vagueness as applied to his conduct. *See* 576 U.S. 591, 597–606 (2015). Accordingly, *Johnson* "establish[ed] a rule of law inconsistent with [Fifth Circuit] precedent," so that Fifth Circuit precedent was "implicitly overruled" by *Johnson*, and this Court need not follow it. *See Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) (cleaned up).

In response, the Magistrate Judge notes that in *United States v. Westbrooks*, a Fifth Circuit panel concluded: "*Johnson* did not change the rule that a defendant whose conduct is clearly prohibited cannot be the one making that challenge." 858 F.3d 317, 325-36 (5th Cir. 2017), *cert. granted, judgment vacated on other grounds by* 584 U.S. 901 (2018). *See* R&R at 10. Yet *Westbrooks* is a vacated opinion. The R&R also relies on *United States v. Thomas*, which quotes the vacated *Westbrooks* opinion to conclude that "even if a statute might be vague when applied to some situations, 'a defendant whose conduct is clearly prohibited cannot be the one making that challenge.'" 877 F.3d 591, 599 (5th Cir. 2017) (quoting *Westbrooks*, 858 F.3d at 325). *See* R&R at 9. Yet *Thomas* did not cite *Johnson*, let alone explain how that as-applied requirement survived *Johnson*. *See id.* And "[a]n opinion restating a prior panel's ruling does not sub silentio hold that the prior ruling survived an uncited Supreme Court decision." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 794 (5th Cir. 2021). Last, the R&R notes that "even after *Johnson*, the Supreme Court has reiterated that a litigant clearly covered by a law may not raise a successful vagueness challenge," relying on *Expressions Hair Design v. Schneiderman*, 581 U.S. 37, 48–49 (2017). *See*

R&R at 10. Yet *Expressions Hair Design* was a civil lawsuit, but *Johnson*—and this case—is a criminal prosecution.

In any event, even if the Court concludes it is bound to reject Zamorano's claim that he need not show as-applied vagueness, he raises that argument to preserve it for appellate review. Zamorano objects to the conclusion that he cannot raise a facial vagueness challenge without showing that the challenged penalty provisions are vague as applied to his conduct.

2) **The charging statute's penalty elements are facially void for vagueness.**

The R&R concluded that the penalty provision were not facially void for vagueness. *See* R&R at 8-10. Zamorano objects. The only reason the R&R reached this conclusion is the reason noted above: that Zamorano did not show the provisions were vague as applied to his conduct. *See id.* The Magistrate Judge did not reach the merits of Zamorano's claim that the penalty provisions are facially unconstitutional because they are void for vagueness in many applications. *See id.* at 10 ("[T]he Court has not considered the merits of Defendant's facial vagueness challenge."). For the reasons Zamorano has argued, he asks the Court to reach the merits of—and rule in his favor on—his facial vagueness claim. *See* Doc. 286 at 3-10; Doc. 304 at 3-5.

3) **Zamorano objects to the Magistrate Judge's as-applied vagueness conclusion.**

Last, the Magistrate Judge concluded that Zamorano had failed to show the penalty provisions were void for vagueness as applied at this pretrial stage, so it recommended denying Zamorano's as-applied challenge pretrial and permitting him to raise it again during trial. *See* R&R at 8-10. Zamorano objects. Technically, the Court should defer ruling on his as-applied challenge until trial. *See* Doc. 286 at 13-14. And again, Zamorano maintains his claim that the Court may and should rule that the penalty provisions are facially void for vagueness without regard for whether the provisions are vague as applied to Zamorano's alleged conduct. *See id.*

## CONCLUSION

The Court should grant both motions.

                                                  Respectfully submitted.

                                                  MAUREEN SCOTT FRANCO
                                                  Federal Public Defender

                                                  /s/ JOSE I. GONZALEZ-FALLA
                                                  Assistant Federal Public Defender
                                                  Western District of Texas
                                                  Lavaca Plaza
                                                  504 Lavaca St., Ste. 960
                                                  Austin, Texas 78701
                                                  (512) 916-5025 / (512) 916-5035 (FAX)
                                                  Bar Number: Texas 08135700

                                                  /S/ MARK STEVENS
                                                  Attorney at Law
                                                  310 S. St. Mary's St., # 1920
                                                  San Antonio, TX 78205-3192
                                                  (210) 226-1433
                                                  Texas State Bar Number: 19184200

                                                  /S/ ALEX R. ALMANZAN
                                                  Federal Public Defender, TXW
                                                  300 Convent Street, Suite 2300
                                                  San Antonio, TX 78205
                                                  210-472-6700
                                                  Texas State Bar Number: 24049446

                                                  *Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that on the 19th day of November, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Sarah Spears
Amanda Brown
Eric Fuchs
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216

/s/ JOSE I. GONZALEZ-FALLA

/s/ MARK STEVENS

/s/ ALEX R. ALMANZAN

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | CAUSE NO. 5:22-cr-00366-OLG |
| HOMERO ZAMORANO, JR. | § § | |

**ORDER GRANTING DEFENDANT ZAMORANO'S MOTIONS TO DISMISS OR SUPPRESS**

The Court hereby **GRANTS** Defendant Zamorano's Motion to Dismiss or Suppress for Outrageous Government Conduct. For the reasons argued by Zamorano, all charges against him are **DISMISSED WITH PREJUDICE**, and all evidence against him is **SUPPRESSED**.

Alternatively and additionally, the Court also **GRANTS** Defendant Zamorano's Motion to Dismiss the Charging Statute's Penalty Provisions as Void for Vagueness. For the reasons argued by Zamorano, the charged penalty elements—§ 1324(a)(1)(B)(iii) and (iv)—are facially void for vagueness. All references to § 1324(a)(1)(B)(iii) and (iv) are hereby **STRUCK FROM THE INDICTMENTS WITH PREJUDICE**.

SO ORDERED on this the _____ day of _____, 2024.

_____
ORLANDO L. GARCIA
United States District Judge